IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01286-WYD
(Criminal Action No. 1:02-cr-00109-WYD-1)

**UNITED STATES OF AMERICA**,

    Plaintiff-Respondent,

v.

**TORREY V. BANKS**,

    Defendant-Movant.

---

## ORDER OF DISMISSAL

---

Movant, Torrey V. Banks, has filed, *pro se*, a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255(a). The Court must construe Mr. Banks' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 motion should be dismissed as time-barred and/or because the issues raised are not properly brought in a § 2255 motion.

**I. Procedural History**

On December 19, 2002, following the entry of guilty plea, Mr. Banks was sentenced in this Court to seventy-four (74) months imprisonment followed by three years of supervised release. After he was released from custody, his term of supervised release commenced on July 11, 2008 (ECF No. 43, p. 2). On July 8, 2009, the Probation Office filed a Petition for Issuance of Arrest Warrant Due to Violations of Supervised Release.

Pursuant to a warrant issued by this Court, Mr. Banks was arrested on July 16, 2009. On December 7, 2009, a supervised release revocation hearing was held during which Mr. Banks admitted to the violations. The Court revoked Mr. Banks' supervised release based on his admissions and, as a result, he was sentenced to eleven months imprisonment followed by supervised release for a period of twenty-five months. Judgment of the sentence was entered on December 17, 2009 (ECF No. 62).

Mr. Banks was released from BOP custody on May 14, 2010. On December 16, 2011, and June 13, 2012, respectively, warrants were issued against Mr. Banks alleging ten violations of his supervised release. Two of the violations alleged violations of the law for the defendant's convictions in Arapahoe County Court Case Numbers 09CR2558 and 09CR1731. On October 29, 2012, a supervised release revocation hearing was held during which Mr. Banks partially admitted to the criminal charge violations from Arapahoe County and admitted to the remainder of the violations. As a result, the Court revoked Mr. Banks' supervised release and sentenced him to thirteen months imprisonment to run consecutive to the Arapahoe County cases. Judgment of the sentence was entered on November 19, 2012 (ECF No. 94).

On May 15, 2015, Defendant's Arapahoe County cases were dismissed. On June 1, 2015, Mr. Banks filed a Motion to Stay or Modify his revocation sentence (ECF No. 95), wherein he argues that his thirteen-month sentence should be modified because the criminal convictions were dismissed. On June 10, 2015, the U.S. Probation Office filed a Response to Defendant's Motion (ECF No. 97) wherein it advised that Banks should receive BOP credit for the time he served in custody in Arapahoe County because the revocation sentence was imposed to run consecutive to the Arapahoe County Court cases.

The United States filed its Response on June 17, 2015, wherein it joined with the Probation Office agreeing that the Court should enter an Order modifying the sentence to reflect that it no longer is a consecutive sentence and direct BOP to give him credit for time served against the 13 months sentence.  On June 22, 2015, the Court entered an Amended Judgment of sentence (ECF No. 100).

On June 17, 2015, Banks filed the pending Motion to Vacate, Set Aside or Correct Sentence pursuant to 18 U.S.C. § 2255 Motion (ECF No. 99) wherein he seeks immediate release from state custody into BOP custody.

## II. Timeliness

Mr. Banks' Motion to Vacate Judgment of Sentence appears to be time-barred. In this regard, pursuant to 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

> The limitation period shall run from the latest of–
>
> > (1)  the date on which the judgment of conviction becomes final;
> >
> > (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f), because Defendant did not file a direct appeal, his conviction, with respect to the Judgment of Revocation entered on November 19, 2012, became final on December 3, 2012, fourteen days after the judgment was entered on November 19, 2012. *See United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000); Fed. R. App. P. 4(b)(1)(A) and 26(a). The one-year period for filing a § 2255 motion expired on December 3, 2013. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting the anniversary method for calculating the one-year limitation period in § 2255(f)). However, Defendant did not file his motion until June 17, 2015, more than eighteen (18) months after the deadline passed. Thus, to the extent that he is challenging his November 19, 2012 Judgment of Revocation sentence in his § 2255 Motion, he is time barred.

An additional consideration is that the one-year limitation period in § 2255 is not jurisdictional and is subject to equitable tolling if the petitioner can show "'(1) that [she] has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way.'" *United States v. Grealish*, No. 13-4182, 559 F. App'x 786 (10th Cir. May 27, 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244)). Mr. Banks bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Yang v. Archuleta*, 525 F.3d 925 (10th Cir. 2008); *see also U.S. v. Garcia-Rodriguez*, 2008 WL 1868019, No. 07-8077 (10th Cir. April 28, 2008) (unpublished opinion) (relying on *Yang* for conclusion that the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence). Mr. Banks fails to allege any reasons for equitable tolling in his motion.

4

As a result, Mr. Banks' § 2255 motion will be dismissed as time-barred. To the extent that he seeks to appeal the Amended Judgment of Sentence entered on June 22, 2015, he must follow the proper appellate procedure before filing a § 2255 motion. *See United States v. Fillman,* 410 F. App'x 173, 175 (10th Cir. 2011) ("A § 2255 motion does not substitute for an appeal").

### III.  § 2255 v. § 2241

Moreover, in the instant § 2255 motion, it does not appear that Mr. Banks is actually challenging the validity of his revocation sentence. Rather, it appears he is challenging the execution of that sentence as he seeks immediate release from state custody into BOP custody. The distinct purposes of an application for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion under 28 U.S.C. § 2255 are well established. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A § 2255 motion is "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective." *Bradshaw*, 86 F.3d at 166 (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965). "A petition under § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. It is not an additional, alternative, or supplemental remedy" to § 2255. *Bradshaw*, 86 F.3d at 166 (citation omitted).

Here, Mr. Banks is not attacking his underlying conviction in his § 2255 motion. He filed a Motion to Stay or Modify his Sentence wherein he attacked the validity of his revocation sentence. Rather, Mr. Banks rests his § 2255 claims upon alleged violations of 18 U.S.C. § 3182. Typically, such claims are brought under 28 U.S.C. § 2241. *See, e.g., Garrison v. Smith*, 413 F. Supp. 747 (N.D. Miss. 1976); *Jones v. Crosby*, Civil No.

4:06-48-WS, 2006 WL 5882153 (S.D. Fla. Apr. 3, 2006).  Thus, his § 2255 motion is not the proper vehicle to raise the claims he asserts therein.

Mr. Banks is also reminded that to the extent he seeks to challenge the Amended Judgment, such action should be filed as an appeal in the Tenth Circuit.  Accordingly, it is

**ORDERED** that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 99) is **DISMISSED** as time-barred and/or because the issues raised are not properly brought in a § 2255 motion.  It is

**FURTHER ORDERED** that the Motion to Stay or Modify Sentence (ECF No. 95) is **DISMISSED** as moot as the Court has entered an Amended Judgment of Sentence (ECF No. 100).

Dated:  July 13, 2015

BY THE COURT:

/s/ Wiley Y. Daniel  
WILEY Y. DANIEL,  
SENIOR UNITED STATES DISTRICT JUDGE